# Exhibit A

**BENDIT WEINSTOCK**
**A PROFESSIONAL CORPORATION**
COUNSELLORS AT LAW
80 MAIN STREET, SUITE 260
WEST ORANGE, N.J. 07052
(973) 736-9800
K. RAJA BHATTACHARYA (NJ Bar ID: 024072007)
Attorneys for Plaintiff
Our File No. 46665-KB

| | | |
|---|---|---|
| PUJA SHAH, as GUARDIAN AD LITEM for K.D., A MINOR, and PUJA SHAH, INDIVIDUALLY | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY DOCKET NO. PAS-L- |
| Plaintiff, | : : | |
| -vs- | : : : | Civil Action |
| AMAZON AND/OR AMAZON SERVICES, LLC, HAIPU, JOHN DOE 1-10 (said individuals being unknown and fictitious), JANE DOE 1-10 (said individuals being unknown and fictitious), AND XYZ COMPANIES 1-10 (said entities being unknown and fictitious), | : : : : : : : : : : : : | **COMPLAINT AND JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND REQUEST FOR FORM INTERROGATORIES** |
| Defendants. | : : | |

### <u>CIVIL ACTION COMPLAINT AND JURY DEMAND</u>

1.  Plaintiff, Puja Shah, as Guardian Ad Litem for K.D., a minor, and Puja Shah, Individually, by and through their undersigned counsel, Bendit Weinstock, P.A., hereby files this Civil Action Complaint, and complains of the above-captioned Defendants as follows:

## PARTIES AND VENUE

2.    Plaintiff, Puja Shah, as Guardian Ad Litem for K.D., a minor, and Puja Shah, Individually, are individuals who are citizens of New Jersey and reside in New Jersey at the address of 117 Brittany Court, Clifton, NJ 07013.

3.    Defendant, Amazon and/or Amazon Services, LLC,  was at all times material hereto, a corporation operating under and by virtue of the laws of the State of New Jersey as transactions were made with customers to/from the State of New Jersey. Additionally, Defendant, Amazon and/or Amazon Services, LLC, operated a corporation with a principal address of 410 Terry Avenue, North Seattle, WA, 98109 and was in the business of designing, manufacturing, marketing, and selling all equipment including but not limited to baby mittens. The Defendant, Amazon and/or Amazon Services, LLC, held themselves to the public as sellers of goods. Amazon conducts business throughout the State of New Jersey and in all Counties.

4.    Defendant, HAPIU is a well-known seller of Products on Amazon, selling products throughout the State of New Jersey, maintains a dedicated brand store on Amazon and this particular product has been featured by Amazon as its "overall pick" in the particular product category. HAPIU sells its products throughout the State of New Jersey and in all Counties.

5.   Defendants, JOHN DOES 1-10 (said individuals being unknown and fictitious), JANE DOE 1-10 (said individuals being unknown and fictitious), AND XYZ COMPANIES 1-10 (said entities being unknown and fictitious) represent the individuals, companies, corporations, owners, and/or manufacturers that have not yet been identified.

6.   Venue is properly set in Passaic County pursuant to R. 4:3-2(a).

### FACTS GIVING RISE TO THE ACTION

7.   The allegations set forth in the preceding paragraphs of this Civil Action Complaint are fully incorporated herein by reference.

8.   Plaintiff, Puja Shah, as Guardian Ad Litem of K.D., a Minor, and Puja Shah, Individually, was a purchaser and user of the Hapiu Baby No Scratch Mittens.

9.   On or about February 21, 2025, the Plaintiff, Puja Shah, as Guardian Ad Litem of K.D., a Minor, and Puja Shah, Individually, purchased the Hapiu Baby No Scratch Mittens which is designed, manufactured, marketed and sold by the Defendants, Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10.

10.   The Plaintiff, Puja Shah, as Guardian Ad Litem of K.D., a Minor, and Puja Shah, Individually, purchased the Hapiu Baby No Scratch Mittens from the Defendant, Amazon and/or Amazon

Services, LLC, HAPIU, and/or XYZ Companies 1-10 and did not alter, distort, change, damage, modify, adjust or otherwise refashion the Hapiu Baby No Scratch Mittens from the condition it was received by from the Defendants.

11.  On or about February 21, 2025, the Plaintiff, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, was a customer of Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10, where she intended to have her daughter, K.D. a minor, wear and/or utilize the Hapiu Baby No Scratch Mittens as protective wear for its intended purpose.

12.  On or about February 24, 2025, the Plaintiff, K.D., a Minor, was wearing the Hapiu Baby No Scratch Mittens.

13.  While the Plaintiff, K.D., a Minor, was wearing the Hapiu Baby No Scratch Mittens, the mittens were defective as they caused significant burn injuries on both of the minors wrists, and were otherwise unreasonably dangerous for their intended use, despite being marketed as safe and protective for infants.

14.  As a result of the defective Hapiu Baby No Scratch Mittens, the Plaintiff, K.D., a Minor, sustained serious personal injuries to the wrist, including burns and significant scarring.

15.  As a result the Plaintiff, K.D., a Minor, sustained serious and debilitating injuries that necessitated medical treatment, caused the Plaintiff great pain and suffering and causing her

permanent scarring, great pain and suffering and require medical treatment.

## COUNT I- STRICT LIABILITY

16. The allegations set forth in the preceding paragraphs of this Civil Action Complaint are fully incorporated herein by reference.

17. The Defendants, Amazon and/or Amazon Services, LLC, were in the business of designing, manufacturing, marketing, and selling baby mittens respectfully. Specifically, the Defendants, Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10 designed, manufactured, marketed and sold the Hapiu Baby No Scratch Mittens.

18. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and XYC Companies 1-10, as the manufacturer/seller were responsible to manufacture/sell the Hapiu Baby No Scratch Mittens as reasonably safe.

19. Therefore, the Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 were responsible to make sure the Hapiu Baby No Scratch Mittens was a reasonably safe product, reasonably fit, and suitable and safe for its intended or reasonably foreseeable uses.

20. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and XYZ Companies 1-10 owed this responsibility to the following

groups: users of the Hapiu Baby No Scratch Mittens, reasonably foreseeable users of the Hapiu Baby No Scratch Mittens, and persons who can reasonably be expected to come into contact with the Hapiu Baby No Scratch Mittens.

21. Therefore, when the Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, purchased the product, Hapiu Baby No Scratch Mittens, the Defendants, Amazon and/or Amazon Services, LLC, became responsible as Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, was a direct user.

22. Despite the Defendants, Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10 incurring the above-referenced responsibility, the product was not reasonably safe for its intended purpose because the product was defective in its design.

23. As a result of the defendants failure to adhere to making the Hapiu Baby No Scratch Mittens reasonably safe, fit, and suitable and safe for its intended or reasonably foreseeable uses, the Plaintiff, K.D., a Minor, sustained severe and painful bodily injuries which required medical treatment, scarring, caused the Plaintiff great pain and suffering which will in the future similarly incapacitate her, causing her great pain and suffering and require medical treatment.

WHEREFORE, Plaintiffs, Puja Shah, as Guardian Ad Litem of K.D., a Minor, and Puja Shah, Individually, demands judgment against the defendants for damages, together with interest and costs of suit.

### COUNT II- Failure to Warn of a Product Defect/Hazard

24. The allegations set forth in the preceding paragraphs of this Civil Action Complaint are fully incorporated herein by reference.

25. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and XYZ Companies 1-10 were in the business of designing, manufacturing, marketing, and selling infant items respectfully. Specifically, the Defendants, Amazon and/or Amazon Services, LLC designed, manufactured, marketed and sold the Hapiu Baby No Scratch Mittens respectfully.

26. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and XYZ Companies 1-10 failed to adequately warn the Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, an ordinary customer and direct user of the product defect/hazard that the Hapiu Baby No Scratch Mittens holds.

27. The Plaintiff, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, complains that the Hapiu Baby No Scratch Mittens did not contain an adequate warning or

instruction of the product defect/hazard because there was no warning or symbol on the bottle and/or packaging to warn the Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, of any potential hazards.

28. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 as the manufacturer and seller, of the Hapiu Baby No Scratch Mittens had a responsibility to provide adequate warnings about the dangers/hazards/product defects of the Hapiu Baby No Scratch Mittens.

29. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 knew or reasonably should have known of the dangers/hazards/product defects of the Hapiu Baby No Scratch Mittens at the time the product was designed, manufactured, marketed and sold.

30. It can be further stated that the failure to adequately warn existed before the Hapiu Baby No Scratch Mittens left the control of the Defendants, Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10 as the plaintiff did not alter, distort, change, damage, modify, or adjust the Hapiu Baby No Scratch Mittens from the condition it was received by from the Defendant, Amazon and/or Amazon Services, LLC.

31. Due to the Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 failure to adequately warn the

plaintiff of the potential hazard/product defect, the plaintiff, K.D., a Minor used the Hapiu Baby No Scratch Mittens for its intended use subsequently sustaining serious personal injuries.

WHEREFORE, Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, demands judgment against the defendants for damages, together with interest and costs of suit.

## COUNT III- INTENDED PURPOSE

32. The allegations set forth in the preceding paragraphs of this Civil Action Complaint are fully incorporated herein by reference.

33. The Plaintiff, K.D., A Minor, at the time of the accident was using the Hapiu Baby No Scratch Mittens properly in accordance with its intended purposes.

34. The Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, did not alter, distort, change, damage, modify, or adjust the Hapiu Baby No Scratch Mittens from the condition it was received by the Defendants, Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10.

35. Due to the Defendants, Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10 failure to instruct/warn of potential hazards/product defects when using the Hapiu Baby No

Scratch Mittens for its intended purpose, the Plaintiff, K.D., a Minor, sustained severe and painful bodily injuries which required medical treatment, scarring, caused the Plaintiff great pain and suffering and which will in the future similarly incapacitate her, causing her great pain and suffering and require medical treatment.

WHEREFORE, Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, demands judgment against the defendants for damages, together with interest and costs of suit.

### COUNT IV- NEGLIGENCE

36. The allegations set forth in the preceding paragraphs of this Civil Action Complaint are fully incorporated herein by reference.

37. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU, XYZ Companies 1-10 failed to adhere to the standards of care set forth by the law in their marketing, promotion and sale of the Hapiu Baby No Scratch Mittens.

38. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 failed to ensure that users would not suffer from unreasonably dangerous harm when using the product Hapiu Baby No Scratch Mittens.

39. At all times relevant to the action, Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 deviated from the principles of the standard of care, and were otherwise negligent in the following:

    a. Failing to properly evaluate and reevaluate the safety of the Hapiu Baby No Scratch Mittens;

    b. Failing to properly investigate the safety of the Hapiu Baby No Scratch Mittens;

    c. Negligently allowing the Hapiu Baby No Scratch Mittens to be marketed, promoted and sold with a defective condition;

    d. Negligently allowing the Hapiu Baby No Scratch Mittens to be marketed, promoted and sold without adequate warning of a hazard/product defect;

    e. Failing to identify the defective condition and act upon the defective condition;

    f. Failing to remove the Hapiu Baby No Scratch Mittens from market;

    g. Failing to prevent serious and personal injuries to the plaintiff, K.D., a minor;

40. As a result of the Defendants', Amazon and/or Amazon Services, LLC, HAPIU, and/or XYZ Companies 1-10 negligence, the Plaintiff sustained serious personal injuries.

41. In no way did the Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, contribute or cause the injuries and damages he suffered.

WHEREFORE, Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, demands judgment against the defendants for damages, together with interest and costs of suit.

## COUNT V- BREACH OF WARRANTY

42. The allegations set forth in the preceding paragraphs of this Civil Action Complaint are fully incorporated herein by reference.

43. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 breached their express warranty when the representation about the product and its safety failed to protect the Plaintiff, K.D., a Minor, and Puja Shah, Individually.

44. The Defendants, Amazon and/or Amazon Services, LLC, HAPIU and/or XYZ Companies 1-10 breached their implied warranty when the product was used for its intended purpose by the Plaintiff and caused harm to the Plaintiff, K.D., a Minor.

WHEREFORE, Plaintiffs, Puja Shah, as Guardian Ad Litem for K.D., a Minor, and Puja Shah, Individually, demands judgment

against the defendants for damages, together with interest and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury as to all counts and causes of action and all issues raised by this Civil Action Complaint.

Dated: September 26, 2025

BENDIT WEINSTOCK, P.A.
Attorneys for Plaintiff

By: *K. Raja Bhattacharya*
K. Raja Bhattacharya, Esq.

## DESIGNATED TRIAL COUNSEL

Pursuant to Rule 4:25-4, K. Raja Bhattacharya, is hereby designated as trial counsel for Plaintiff.

Dated: September 26, 2025

BENDIT WEINSTOCK, P.A.
Attorneys for Plaintiff

By: *K. Raja Bhattacharya*
K. Raja Bhattacharya, Esq.

## DEMAND FOR COMPLIANCE WITH RULES 1:5-1(a) AND 4:17-4(c)

TAKE NOTICE that the undersigned attorneys hereby demand that each party herein serve pleadings and interrogatories and receiving answers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE NOTICE that there is a continuing demand.

Dated: September 26, 2025

BENDIT WEINSTOCK, P.A.
Attorneys for Plaintiff

By: *K. Raja Bhattacharya*
K. Raja Bhattacharya, Esq.

## DEMAND FOR COMPLIANCE WITH RULE 4:17-1(b)(2)

Pursuant to Rule 4:17-1(b)(2), the undersigned attorney hereby demands Defendant's provide answers to Uniform Interrogatories.

Dated: September 26, 2025

BENDIT WEINSTOCK, P.A.
Attorneys for Plaintiff

By: *K. Raja Bhattacharya*
K. Raja Bhattacharya, Esq.

## CERTIFICATION IN ACCORDANCE WITH R. 4:5-1

The undersigned certifies, on information and belief, as follows:

1. The matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.

2. No other action or arbitration proceeding is contemplated.

3. There are no known parties who may be liable to any party on the basis of the transaction or events which form the subject matter of this action who should be joined pursuant to R. 4:28.

4. I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(b).

I certify that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 26, 2025

BENDIT WEINSTOCK, P.A.
Attorneys for Plaintiff

By: *K. Raja Bhattacharya*
K. Raja Bhattacharya, Esq.